IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WALLACE RIVERS, #106 459 | * | |
| Petitioner, | * | |
| v. | * | 1:09-CV-524-ID |
| | | (WO) |
| GRANT CULLIVER, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Wallace Rivers ["Rivers"], is currently confined at the Holman Correctional Facility in Atmore, Alabama. He files this petition for writ of habeas corpus seeking once again to challenge his 1980 conviction for murder entered against him by the Circuit Court for Houston County, Alabama. Rivers is serving a term of life without the possibility of parole for this conviction.

**I. DISCUSSION**

The instant petition represents a successive attempt by Rivers at challenging the merits of his 1980 conviction. On July 14, 1986 this court denied and dismissed on the merits Rivers' application for habeas corpus relief in which he challenged his 1980 murder conviction. *See Rivers v. Johnson*, Civil Action No. 1:85-CV-1021-MHT (M.D. Ala. 1986). In 1993 Rivers filed another habeas corpus application which this court denied as successive under Rule 9(b), F.R.Civ.P. *See Rivers v. Jones*, Civil Action No. 1:93-CV-1187-WHA

(M.D. Ala. 1995). Rivers filed a third habeas corpus application with this court on December 15, 2005 which was also dismissed as a successive petition. *See Rivers v. Culliver*, Civil Action No. 1:05-CV-1194-MHT (M.D. Ala. 2006). Petitioner's fourth habeas corpus application filed with this court on January 4, 2007 was likewise dismissed as a successive petition. *See Rivers v. Culliver*, Civil Action No. 1:07-CV-894-MEF (M.D. Ala. 2007).

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Rivers that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Rivers] ha[s] no permission from [the Eleventh Circuit] to file a s[uccesive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Wallace Rivers on June 5, 2009 be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 23, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of June 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE